IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

NILO GUIMARAES                         )
                                       )
v.                                     ) NO. 3-13-1178
                                       ) JUDGE CAMPBELL
BANK OF AMERICAN                       )
CORPORATION, N.A.                      )


MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss Amended Complaint (Docket
No. 18).  For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiff's Amended Complaint (Docket No. 17) alleges that Defendant discriminated against
Plaintiff on the basis of his national origin, in connection with a real estate loan and in violation of
the Fair Housing Act (42 U.S.C. § 3601), the Equal Credit Opportunity Act (15 U.S.C. § 1691), and
Section 1981(42 U.S.C. § 1981). Plaintiff also asserts that Defendant negligently reviewed and
processed his loan application.

Plaintiff asserts that, in order to refinance his existing mortgage, he filed a Uniform
Residential Loan Application with Defendant, complied with all procedures and requests for
documents during the application process, and paid Defendant a processing fee.  Plaintiff claims that
Defendant ultimately denied his loan application, allegedly because of derogatory information
mistakenly included in Plaintiff's wife's credit report.  Plaintiff avers that Defendant's decision to
deny his loan application was actually based upon his classification as Hispanic and as an
immigrant.

Defendant has moved to dismiss the Amended Complaint for failure to state a claim for which relief may be granted.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## DISCUSSION

Defendant asserts that all three of Plaintiff's claims are governed by the *McDonnell Douglas*[1] burden-shifting framework used in employment discrimination cases. The *McDonnell Douglas* standard is an evidentiary standard, however, not a pleading standard. *Veasy v. Teach for America, Inc.*, 868 F.Supp.2d 688, 695 (M.D.Tenn. 2012). On a Motion to Dismiss, the *prima facie* arguments are premature. *Pedreira v. Kentucky Baptist Homes for Children, Inc.*, 579 F.3d 722, 728 (6th Cir.

---

[1] *McDonnell Douglas Corp. v. Green*, 93 S.Ct. 1817 (1973).

2009). Thus, the ordinary rules for assessing the sufficiency of a complaint apply. *Id.*; *Lindsay v. Yates*, 498 F.3d 434, 439-40 (6th Cir. 2007).

The Court must, therefore, look to the Amended Complaint, assume the veracity of the allegations therein, and determine whether they plausibly give rise to an entitlement to relief.[2]

Plaintiff has alleged that Defendant denied his loan application despite Plaintiff's having completed all the required paperwork and despite both Plaintiff and his wife being well-qualified (good credit scores). Plaintiff contends that Defendant's articulated reason for denying Plaintiff's application is false and was, in fact, a pretext for national origin discrimination. The Court finds that Plaintiff has sufficiently alleged his Fair Housing Act, Equal Credit Opportunity Act and Section 1981 claims to survive a Motion to Dismiss.

Defendant also argues that Plaintiff's negligence claim must fail because Defendant owed no duty to Plaintiff to make or refinance the loan. Plaintiff's claim is not that Defendant had a duty to make or refinance his loan. Rather, Plaintiff alleges that Defendant had a duty to use reasonable care in reviewing and processing Plaintiff's application and breached that duty by not adequately investigating the alleged claim against Plaintiff's wife's credit. Plaintiff contends that Defendant owed a duty to process the loan application with reasonable care because Plaintiff paid a processing fee and that Defendant exercised a degree of care in reviewing Plaintiff's loan application that falls below the standard of a reasonable banking lender.

---

[2]      Plaintiff does not have to establish the elements of his *prima facie* case at this stage, so Defendant's argument about failure to establish the fourth element is not persuasive.

For purposes of a Motion to Dismiss, the Court finds that Plaintiff has sufficiently alleged a negligence claim against Defendant. Plaintiff may not be able to establish the duty or breach of duty he asserts once discovery is completed, but at this stage, his allegations are sufficient.

CONCLUSION

For these reasons, Defendant's Motion to Dismiss (Docket No. 18) is DENIED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE